UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:11 CV 003 FL

| | |
|---|---|
| OWEN HARTY, individually, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CENTRO HERITAGE SPE 4, )<br>a Delaware Limited Liability Company, )<br>Defendant ) | **ANSWER AND DEFENSES** |

NOW COMES Defendant, by and through undersigned counsel, responding to the allegations raised in Plaintiff's Complaint, and hereby alleges and says as follows:

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff comes to this Court with unclean hands, and under the circumstances of this case, this limits or bars any recovery that might be had as against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that neither Plaintiff's Complaint nor any cause of action therein states facts sufficient to constitute a claim for relief against Defendant.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to mitigate his damages, and to the extent of that failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff, by his actions and conduct, has failed to exercise reasonable care and diligence in his own behalf, thereby causing or contributing to his

alleged damages.  Plaintiff's recovery against Defendant, if any, must be reduced by the proportion of damages alleged that were caused by his own acts and conduct.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that, to the extent Plaintiff has suffered any damages as alleged in his Complaint, those damages were caused by the negligence or fault of persons and/or entities other than Defendant.  Plaintiff's right of recovery from Defendant, if any, must be reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's alleged damages, if any, were caused by circumstances and conduct other than that alleged in his Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has not suffered any damages as a result of any actions taken by Defendant or its agents, and Plaintiff is thus barred from pursuing any cause of action against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's prayer for punitive damages is unconstitutional because it violates the Due Process Clause of the 14th Amendment to the Constitution of the United States.

### NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's prayer for punitive damages is unconstitutional because it violates the Excessive Fines Clause of the 8th Amendment to the Constitution of the United States.

### TENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff consented to any conduct about which he now complains.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred because Defendant performed or is in the process of performing all readily achievable architectural barrier removals as required by law.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred because Defendant remedied or is in the process of remedying any access barrier with alternative methods and access.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred because removal of any alleged barrier is not readily achievable and no alternative method of access could be provided without fundamentally altering the nature of the goods, services, and facilities being provided.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at all relevant times Defendant has met all statutory obligations owed to Plaintiff, or any other persons with disabilities, if any, and therefore Plaintiff's claims are barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is informed, believes, and thereon alleges that some or all of Plaintiff's claims for relief are moot and this Court therefore lacks jurisdiction.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges this Court lacks subject matter jurisdiction over this matter because there is no actionable wrong under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's causes of action are barred by the Doctrine of Waiver because Plaintiff has refused reasonable and appropriate measures which have permitted Plaintiff the same access as that provided to the general public.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff lacks standing to maintain this action under the Americans with Disabilities Act.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff lacks standing to maintain a cause of action on behalf of the general public.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant alleges that pursuant to law and contract, Defendant is not responsible for any access violations, if any there be.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that to require modification of the subject property to comply with the Americans with Disabilities Act would constitute an unreasonable hardship on this Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant hereby reserves its right to assert additional affirmative defenses in the event its discovery indicates they would be appropriate.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred because his Complaint, and each cause of action thereof, is barred by the statute of limitations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has unreasonably delayed the bringing of this action without good cause therefore. Said delay has directly resulted in prejudice to this Defendant, and this action is, therefore, barred by the Doctrine of Laches.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges the business establishment identified in Plaintiff's Complaint was conducted at all relevant times herein in conformity with all applicable statutes. Accordingly, Plaintiff's Complaint, and each and every cause of action therein, is barred.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint, and each cause of action therein, fails to state facts sufficient for recovery of attorneys' fees or other litigation expenses in any amounts whatsoever or at all.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that it did not have either actual or constructive notice of the alleged conditions described in Plaintiff's Complaint, or that said conditions had existed

for a sufficient time prior to the event described in Plaintiff's Complaint for measures to have been reasonable taken to remedy the alleged conditions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to exhaust the required administrative remedies.

## TWENTY-NINETH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred on the basis that if this Defendant's commercial facility is inaccessible, which is expressly denied, then the remedial work would be technically not feasible, not readily achievable and/or cause Defendant undue hardship.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant alleges that some or all of Plaintiff's claims are barred by estoppel occasioned by his conduct.

## ANSWER

Defendant Centro Heritage SPE 4, LLC ("Defendant"), for its Answer to Plaintiff Owen Harty's Complaint, states as follows:

## JURISDICTION

1. As to Paragraph 1 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over Plaintiff's claims. As to the remainder of Paragraph 1, Defendant denies each and every allegation contained therein.

## PARTIES

2. As to Paragraph 2 of Plaintiff's Complaint, Defendant lacks sufficient knowledge to either admit or deny those allegations, and on that basis, denies each and every allegation contained therein.

3. As to Paragraph 3 of Plaintiff's Complaint, Defendant admits that it currently owns and/or leases real property known as University Commons, located at 341 College Road, Wilmington, North Carolina. As to the remainder of Paragraph 3, Defendant denies each and every allegation contained therein.

## VENUE

4. As to Paragraph 4 of Plaintiff's Complaint, Defendant admits that venue is proper. To the extent that this paragraph expressly or indirectly alleges additional facts, Defendant denies each and every one of those allegations contained therein.

## RELEVANT FACTS AND CAUSES OF ACTION

5. As to Paragraph 5 of Plaintiff's Complaint, Defendant denies the characterization of the Americans with Disabilities Act ("ADA"). As to the remainder of Paragraph 5, Defendant denies each and every allegation contained therein.

6. As to Paragraph 6 of Plaintiff's Complaint, Defendant denies the characterization of the ADA. As to the remainder of Paragraph 6, Defendant denies each and every one of the allegations contained therein.

7. As to the first sentence of Paragraph 7 of Plaintiff's Complaint, Defendant lacks sufficient information or knowledge to either admit or deny and, on that basis, denies this allegation. As to the remainder of Paragraph 7 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

8. As to the first sentence of Paragraph 8 of Plaintiff's Complaint, it states a legal conclusion and/or cites to legal authority that need not be admitted or denied. As to the second sentence of Paragraph 8 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein. To the extent that this paragraph expressly or impliedly alleges additional facts, Defendant denies each and every one of those allegations contained therein.

9. As to Paragraph 9 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein, including subparts (a)-(p), inclusive.

10. As to Paragraph 10 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

11. As to Paragraph 11 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

12. As to the first sentence of Paragraph 12 of Plaintiff's Complaint, it states a legal conclusion and/or cites to legal authority that need not be admitted or denied. As to the second sentence of Paragraph 12 of Plaintiff's Complaint, Defendant admits that it currently owns and/or leases real property known as University Commons, Wilmington, North Carolina. As to the remainder of Paragraph 12, Defendant denies each and every allegation contained therein. To the extent that this paragraph expressly or impliedly alleges additional facts, Defendant denies each and every one of those allegations contained therein.

13. As to Paragraph 13 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

14. As to Paragraph 14 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

15. As to Paragraph 15 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein, including subparts A-E inclusive.

16. As to Paragraph 16 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

17. As to Paragraph 17 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

18. As to Paragraph 18 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

19. As to Paragraph 19 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

20. As to Paragraph 20 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

21. As to Paragraph 21 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

22. As to Paragraph 22 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

23. As to Paragraph 23 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

24. As to Paragraph 24 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein.

25. All allegations in Plaintiff's Complaint, not specifically admitted hereinabove, are hereby denied.

WHEREFORE, Defendant requests the following relief from this Court:

1. That the Plaintiff have and recover nothing of the Defendant;

2. That the Plaintiff's Complaint be dismissed, and the costs of this action be taxed to the Plaintiff;

3. For such other and further relief as this Court may deem just and proper;

4. That this Defendant recover attorney's fees from Plaintiff as permissible by law; and,

5. For a trial by jury on all issues so triable.

This the 31st day of January, 2011.

       By: /s/Jack C. Hsu
         Attorney for Defendant Centro Heritage SPE 4, LLC
         Christensen & Ehret, LLP
         222 West Adams Street, 2170
         Chicago, Illinois 60606
         Telephone: (312) 634-1014
         E-mail: jhsu@christensenlaw.com
         Illinois State Bar No. 06216270


       By: /s/Scott C. Hart
         Attorney for Defendant Centro Heritage SPE 4, LLC
         Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
         Post Office Drawer 889
         New Bern, North Carolina 28563
         Telephone: (252) 633-3131
         E-mail: shart@nclawyers.com
         North Carolina State Bar No. 19060
         LR 83.1 Counsel

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned electronically filed the foregoing with the clerk of the court by using the CM/EF system which will send a notice of electronic filing to:

>Jacqueline Yvonne London
>The Law Offices of JYLondon
>7904 Harding Avenue, #A-2
>Miami Beach, Florida 33141

This the 31st day of January, 2011.

>By: /s/Scott C. Hart
>Attorney for Defendant Centro Heritage SPE 4, LLC
>Sumrell, Sugg, Carmichael, Hicks & Hart, P.A.
>Post Office Drawer 889
>New Bern, North Carolina 28563
>Telephone: (252) 633-3131
>E-mail: shart@nclawyers.com
>North Carolina State Bar No. 19060
>LR 83.1 Counsel

16\\\SERVER02\LSS\LSSDOCS\00023562.002.DOC